Jason Ross, OSB No. 231074
jason.ross@arnoldporter.com
ARNOLD & PORTER KAYE SCHOLER LLP
601 Massachusetts Avenue, NW
Washington, DC 20001
Telephone: 202-942-5000

Jami Vibbert (pro hac vice submitted)
jami.vibbert@arnoldporter.com
David B. Schwartz (pro hac vice submitted)
david.schwartz@arnoldporter.com
ARNOLD & PORTER KAYE SCHOLER LLP
250 West 55th Street
New York, NY 10019
Tel: 212-836-8000

Daniel E. Raymond (pro hac vice submitted)
daniel.raymond@arnoldporter.com
ARNOLD & PORTER KAYE SCHOLER LLP
300 N. LaSalle Dr.
Suite 3500
Chicago, IL 60654
Tel: 312-583-2379

*Attorneys for Defendant Providence Health & Services*

**UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF OREGON**

**PORTLAND DIVISION**

DEBRA MCCLELLAN, ELIZABETH JEAN BRADY, REBECCA MAJOR, ANTHONY OMER, LASHANTE TAYLOR, and LISA EBNER, individually and on behalf of all others similarly situated,

*Plaintiffs*,

v.

PROVIDENCE HEATH & SERVICES,

*Defendant*.

Case No. 3:26-cv-00540-AR

**DEFENDANT'S REQUEST FOR JUDICIAL NOTICE IN SUPPORT OF DEFENDANT'S MOTION TO DISMISS**

## REQUEST FOR JUDICIAL NOTICE

Pursuant to Federal Rule of Evidence 201, Defendant Providence Health & Services ("Providence") hereby respectfully requests that the Court take judicial notice of the following documents and information, copies of which are attached:

- Exhibit 1: Providence's Terms of Use & Privacy Policy, https://www.providence.org/utility-pages/privacy-policy (last visited May 8, 2026).
- Exhibit 2: A screenshot from the Providence Portal Account Creation Process accessible through the "Access MyChart" button below "Sign Up/Sign In to MyChart" at https://mychartor.providence.org/mychart/Authentication/Login (last visited May 8, 2026).

When reviewing a motion to dismiss for failure to state a claim, "courts must consider the complaint in its entirety, as well as other sources courts ordinarily examine when ruling on Rule 12(b)(6) motions to dismiss, in particular, documents incorporated into the complaint by reference, and matters of which a court may take judicial notice." *Tellabs, Inc. v. Makor Issues & Rs., Ltd.*, 551 U.S. 308, 322 (2007). Federal Rule of Evidence 201(b) allows the Court to "judicially notice a fact that is not subject to reasonable dispute [if] it . . . can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." In addition, under the "incorporation by reference doctrine," the Court may consider the existence and contents of documents relied upon or referenced by plaintiffs in their complaint. *Knievel v. ESPN*, 393 F.3d 1068, 1076 (9th Cir. 2005) ("[T]he 'incorporation by reference' doctrine . . . permits us to take into account documents 'whose contents are alleged in a complaint and whose authenticity no party questions, but which are not physically attached to the [plaintiff's] pleading.'" (second alteration in original) (citation omitted)); *In re NVIDIA Corp. Sec. Litig.*, 768 F.3d 1046, 1058 n.10 (9th Cir. 2014) ("Once a document is deemed incorporated by reference, the entire document is assumed to be true for purposes of a motion to dismiss, and both parties—and the Court—are free to refer to any of its contents." (citation and quotation marks omitted)).

The Court may take judicial notice of Exhibits 1 and 2 because they are found on a "publicly accessible website" and therefore can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned. *See, e.g.*, *Perkins v. LinkedIn Corp.*, 53 F. Supp. 3d 1190, 1204–05 (N.D. Cal. 2014) (holding that "[p]roper subjects of judicial notice when ruling on a motion to dismiss include . . . publically accessible websites" and granting judicial notice of websites and screenshots of LinkedIn user prompts in considering motion to dismiss); *Wible v. Aetna Life Ins. Co.*, 375 F. Supp. 2d 956, 965–66 (C.D. Cal. 2005) (taking judicial notice of Amazon web pages); *Hendrickson v. eBay, Inc.*, 165 F. Supp. 2d 1082, 1084 n.2 (C.D. Cal. 2001) (taking "judicial notice of www.eBay.com and the information contained therein pursuant to Federal Rule of Evidence 201"). Courts in this Circuit regularly take judicial notice of webpages, and in particular, privacy policies and terms of service that are available on websites because they are accurately and readily determined from sources whose accuracy cannot reasonably be questioned. *See e.g.* *Huber v. Biden*, No. 21-cv-06580-EMC, 2022 WL 827248, at *1 n.1 (N.D. Cal. Mar. 18, 2022) (taking judicial notice of Twitter's Terms of Service), *aff'd*, No. 22-15443, 2022 WL 17818543 (9th Cir. Dec. 20, 2022); *Garner v. Amazon.com, Inc.*, 603 F. Supp. 3d 985, 992–93 (W.D. Wash. 2022) (taking judicial notice of Amazon terms of use and privacy notice); *Datel Holdings Ltd. v. Microsoft Corp.*, 712 F. Supp. 2d 974, 983–84 (N.D. Cal. 2010) (taking judicial notice of an Xbox software license, terms of use, and packaging).

In addition, the Court may take judicial notice of Exhibit 2 because the Complaint quotes extensively from and relies upon the content of the Terms of Use & Privacy Policy. *See* Compl. ¶¶ 50–51, 226–29, 232–33, 237–38, 244–45, 252, 263, 313 and Figs. 23–25, 28, 32.

Accordingly, Providence respectfully requests the Court take judicial notice of (1) Providence's Terms of Use and Privacy Policy and (2) Providence's Portal Account Creation Page.

**Dated**: May 8, 2026

/s/ Jason Ross

Jason Ross, OSB No. 231074
jason.ross@arnoldporter.com
ARNOLD & PORTER KAYE SCHOLER LLP
601 Massachusetts Avenue, NW
Washington, DC 20001
Tel: 202-942-5000

Jami Vibbert (*pro hac vice submitted*)
jami.vibbert@arnoldporter.com
David B. Schwartz (*pro hac vice submitted*)
david.schwartz@arnoldporter.com
ARNOLD & PORTER KAYE SCHOLER LLP
250 West 55th Street
New York, NY 10019
Tel: 212-836-8000

Daniel E. Raymond (*pro hac vice submitted*)
daniel.raymond@arnoldporter.com
ARNOLD & PORTER KAYE SCHOLER LLP
300 N. LaSalle Dr.
Suite 3500
Chicago, IL 60654
Tel: 312-583-2379

*Attorneys for Defendant Providence Health & Services*