Andrew D. Schlichter (*pro hac vice*)
Alexander L. Braitberg (*pro hac vice*)
Chen Kasher (*pro hac vice*)
Cort VanOstran (*pro hac vice*)
SCHLICHTER BOGARD LLC
100 South Fourth Street, Suite 1200
St. Louis, MO 63102
(314) 621-6115
(314) 621-5934 (fax)
aschlichter@uselaws.com
abraitberg@uselaws.com
ckasher@uselaws.com
cvanostran@uselaws.com

Zoe E. Seaman-Grant
Schlichter Bogard LLC
33 N Dearborn, Suite 1170
Chicago, IL 60602
(630) 919-9301
zseamangrant@uselaws.com

Paul Bovarnick, Bar No. 791654
pbovarnick@rsblaw.net
Rose, Senders & Bovarnick, LLC
1205 N.W. 25th Avenue
Portland, Oregon, 97210-2592
503-227-2486

**UNITED STATES DISTRICT COURT**
**DISTRICT OF OREGON**
**PORTLAND DIVISION**

| | |
|---|---|
| DEBRA MCCLELLAN, ELIZABETH JEAN BRADY, REBECCA MAJOR, ANTHONY OMER, LASHANTE TAYLOR, LISA EBNER, individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>PROVIDENCE HEALTH & SERVICES,<br><br>Defendant. | Case No.: 3:26-cv-00540-MTK<br><br>**PLAINTIFFS' OPPOSITION TO DEFENDANT'S REQUEST FOR JUDICIAL NOTICE** |

Plaintiffs object to Defendant Providence Health & Services' Request for Judicial Notice ECF No. 33. Defendant seeks judicial notice regarding two documents: Providence's Terms of Use & Privacy Policy (*id*. Ex. 1) and a screenshot from the Providence Portal Account Creation Process (*id*. Ex. 2). Though a court may take judicial notice of a document either pursuant to Federal Rule of Evidence 201 or via the judicially created doctrine of incorporation-by-reference, *Khoja v. Orexigen Therapeutics, Inc.*, 899 F.3d 988, 998 (9th Cir. 2018), neither basis supports incorporating the documents attached to Defendant's Request for Judicial Notice. Accordingly, the Court should deny Defendant's request.

## **ARGUMENT**

Neither Federal Rule of Evidence 201 nor the incorporation-by-reference doctrine supports Defendant's Request for Judicial Notice. The Ninth Circuit has urged courts to exercise caution in taking judicial notice of documents at the pleading stage, warning, "[i]f defendants are permitted to present their own version of the facts at the pleading stage – and district courts accept those facts as uncontroverted and true – it becomes near impossible for even the most aggrieved plaintiff to demonstrate a sufficiently 'plausible' claim for relief." *Khoja*, 899 F.3d at 998 (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)).

"Generally, district courts may not consider material outside the pleadings when assessing the sufficiency of a complaint under Rule 12(b)(6)." *Khoja*, 899 F.3d at 998. There are only "two exceptions to this rule: the incorporation-by-reference doctrine, and judicial notice under Federal Rule of Evidence 201." *Id.* Because neither exception applies, the Court should decline Defendant's request.

### A. **The at-issue documents are subject to dispute**.

Because the at-issue documents are subject to dispute, they are not properly subject to judicial notice. Rule 201 only permits a court to notice an "adjudicative fact" if it is "not subject to reasonable dispute." Fed. R. Evid. 201(b). A fact is "not subject to reasonable dispute" if it is "generally known," or "can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b)(1)–(2).

Courts in this Circuit routinely decline to take judicial notice of documents a party "created and posted on its own website[.]" *Rollins v. Dignity Health*, 338 F. Supp. 3d 1025, 1032 (N.D. Cal. 2018) (declining to take judicial notice of pages from defendant's website); *see also Munoz v. Peets Coffee, Inc.*, No. 24-cv-01764-JST, 2025 U.S. Dist. LEXIS 98237, at *5–6 (N.D. Cal. May 22, 2025) (declining to take judicial notice of content of defendant's website); *Lindsay v. Shree Enter., LLC*, No. 21-cv-00299, 2021 U.S. Dist. LEXIS 123753, at *7 (E.D. Cal. July 1, 2021) (same); *Martin v. Sephora USA, Inc.*, No. 22-cv-01355, 2023 U.S. Dist. LEXIS 55930, at *11–13 (E.D. Cal. March 30, 2023) (same).

Here, too, the Court should decline to take judicial notice of self-serving screenshots and downloads from websites Defendant controls. Furthermore, neither of the at-issue documents purports to represent the website's appearance and language during the relevant time period. Instead, Defendant represents that the documents at most reflect one small part of its *current* website. *See* ECF No. 33 at 1 (representing that documents were accessed on May 8, 2026). But the current appearance of Defendant's website has nothing to do with the issues raised in Defendant's motion to dismiss, which turn on the appearance and language of Defendant's website *when Plaintiffs created accounts*. *See* ECF No. 32 6–7 (arguing that Plaintiffs consented to the Privacy Policy & Terms of Use when they created accounts).

Courts consistently reject similar requests for judicial notice of website pages that do not

depict the version of the website the plaintiffs would have encountered. For example, in *Weizman v. Talkspace, Inc.*, the defendant submitted a screenshot that purportedly depicted its terms of use, but the court concluded that the defendant "[did] not demonstrate that the screenshot containing the Terms of Use was the exact webpage that [plaintiff] saw when she signed up on the platform, meaning she may never have consented to those particular Terms." 705 F. Supp. 3d 984, 991–92 (N.D. Cal. Dec. 6, 2023). Accordingly, the court declined to decide the issue of consent. *Id.* Similarly, in *Lindsay v. Shree Enterprises, LLC*, the court declined to take judicial notice of website screenshots when "[n]one of the proffered screenshots date[d] from the relevant time period." No. 21-cv-00299, 2021 U.S. Dist. LEXIS 123753, at *7 (E.D. Cal. July 1, 2021); *see also D'Angelo v. FCA US, LLC*, 726 F. Supp. 3d 1179, 1197 (S.D. Cal. March 28, 2024) (declining to take judicial notice of screenshot that was taken after complaint was filed and did not purport to represent what the plaintiff saw); *Martin v. Sephora USA, Inc.*, No. 22-cv-01355, 2023 U.S. Dist. LEXIS 55930, at *11–13 (E.D. Cal. March 30, 2023) (declining to infer consent from screenshots submitted by defendant when "there [was] no way to verify whether the screenshot in Defendant's brief constitute[d] an accurate portrayal of the chat box Plaintiff used at the time of the incident"). Without confirmation that the images represent the version of the website Plaintiffs encountered, the accuracy of the documents proffered for judicial notice is subject to reasonable dispute.[1]

---

[1] The cases relied on by Defendant to the contrary are inapposite. ECF No. 33 at 2. In *Huber v. Biden*, the defendant's request for judicial notice was unopposed and the court did not engage in any substantive analysis of the request. No. 21-cv-06580-EMC, 2022 U.S. Dist. LEXIS 48660, at *4 n.1 (N.D. Cal. March 18, 2022). In *Garner v. Amazon.com, Inc.*, 603 F. Supp. 3d 985, 992–93 (W.D. Wash. 2022), there was no dispute that the exhibits accurately depicted the website at the time the plaintiffs encountered it. Finally, *Datel Holdings Ltd. v. Microsoft Corp.*, 712 F. Supp. 2d 974, 983–84 (N.D. Cal. 2010) was one of the earlier cases concerning whether private parties' websites can properly be subject to judicial notice and goes against the overwhelming weight of the caselaw post-dating that decision. *See, e.g.*, *Rollins*, 338 F. Supp. 3d at 1032 ("Many of

To hold otherwise would allow defendants to circumvent liability by presenting a newly fixed website to moot a complaint. Indeed, the Ninth Circuit cautioned against the possibility of encouraging defendants' improper use of judicial notice, writing, "the unscrupulous use of extrinsic documents to resolve competing theories against the complaint risks premature dismissals of plausible claims that may turn out to be valid after discovery." *Khoja*, 899 F.3d at 998. Defendant cannot obtain dismissal of Plaintiffs' claims via undated, unverified screenshots of its website.

**B. Plaintiffs did not incorporate the documents by reference.**

A document "may be incorporated by reference into a complaint if the plaintiff refers extensively to the document or the document forms the basis of the plaintiff's claim[,]" *United States v. Ritchie*, 342 F.3d 903, 908 (9th Cir. 2003), and "the authenticity of [the document] is not contested[.]" *Parrino v. FHP, Inc.*, 146 F.3d 699, 706 (9th Cir. 1998), *as amended* (July 28, 1998). "[T]he mere mention of the existence of a document [in a complaint] is insufficient to incorporate the contents of a document." *Coto Settlement v. Eisenberg*, 593 F.3d 1031, 1038 (9th Cir. 2010).

While Plaintiffs referred to a version of Defendant's Privacy Policy in their complaint, they did not refer to the screenshot Defendant offers as Exhibit 2. ECF No. 24. And the Privacy Policy of which Defendant urges this Court to take judicial notice, as previously noted, is the version on Defendant's *current* website. ECF No. 33 at 1. A document cannot be incorporated by reference if its authenticity is disputed. *Parrino*, 146 F.3d at 706. Because Defendant provides a current version of its Privacy Policy without establishing any foundation with respect to revision

Defendants' requests also seek notice of material taken from websites, including their own website. These materials are not proper subjects of judicial notice.").

history, Defendant has not established that Plaintiffs incorporated the document by reference.

**CONCLUSION**

Defendant's request for judicial notice of (1) Providence's Terms of Use and Privacy Policy and (2) Providence's Portal Account Creation Page should be denied.

Dated: July 17, 2026

s/ Andrew D. Schlichter
Andrew D. Schlichter (*pro hac vice*)
Alexander L. Braitberg (*pro hac vice*)
Chen Kasher (*pro hac vice*)
SCHLICHTER BOGARD LLC
100 South Fourth Street, Suite 1200
St. Louis, MO 63102
(314) 621-6115
(314) 621-5934 (fax)
aschlichter@uselaws.com
abraitberg@uselaws.com
ckasher@uselaws.com

Zoe E. Seaman-Grant
SCHLICHTER BOGARD LLC
33 N Dearborn, Suite 1170
Chicago, IL 60602
(630) 919-9301
zseamangrant@uselaws.com

*Lead Counsel for Plaintiffs*

Paul Bovarnick, Bar No. 791654
ROSE, SENDERS, & BOVARNICK LLC
1205 N.W. 25th Avenue
Portland, OR 97210
503-227-2486
pbovarnick@rsblaw.net

*Local Counsel for Plaintiffs*

## CERTIFICATE OF SERVICE

I hereby certify that on the 17th day of July, 2026, a true and correct copy of the foregoing document was filed via the Court's CM/ECF filing system and will be available to all counsel of record upon their appearance.

s/ Andrew D. Schlichter
Andrew D. Schlichter