David B. Schwartz (*pro hac vice*)
david.schwartz@arnoldporter.com
Jami Vibbert (*pro hac vice*)
jami.vibbert@arnoldporter.com
ARNOLD & PORTER KAYE SCHOLER LLP
250 West 55th Street
New York, NY 10019
Tel: 212-836-8000

Jason Ross, OSB No. 231074
jason.ross@arnoldporter.com
ARNOLD & PORTER KAYE SCHOLER LLP
601 Massachusetts Avenue, NW
Washington, DC 20001
Tel: 202-942-5000

Daniel E. Raymond (*pro hac vice*)
daniel.raymond@arnoldporter.com
ARNOLD & PORTER KAYE SCHOLER LLP
300 N. LaSalle Dr.
Suite 3500
Chicago, IL 60654
Tel: 312-583-2379

*Attorneys for Defendant Providence Health & Services*

**UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF OREGON**

**PORTLAND DIVISION**

| | |
|---|---|
| DEBRA MCCLELLAN, ELIZABETH JEAN BRADY, REBECCA MAJOR, ANTHONY OMER, LASHANTE TAYLOR, and LISA EBNER, individually and on behalf of all others similarly situated,<br><br>*Plaintiffs*,<br><br>v.<br><br>PROVIDENCE HEALTH & SERVICES,<br><br>*Defendant*. | Case No. 3:26-cv-00540-MTK<br><br>**DEFENDANT'S REPLY IN SUPPORT OF ITS REQUEST FOR JUDICIAL NOTICE** |

Providence filed a simple and straightforward request that this Court take judicial notice of two exhibits that were incorporated by reference in Plaintiffs' Amended Complaint. *See* Request for Judicial Notice ("RJN"), ECF No. 33. Specifically, Providence seeks judicial notice of Providence's Terms of Use & Privacy Policy (Exhibit 1), which is the very same Terms of Use & Privacy Policy and at the very same URL Plaintiffs cite and quote in no fewer than a dozen separate paragraphs in the Amended Complaint, as well as a screenshot from the Providence Portal Account Creation Process (Exhibit 2) accessible through the "Access MyChart" button below "Sign Up/Sign In to MyChart," which is the very same URL Plaintiffs cite in their Amended Complaint at paragraph 60 n.6.

In opposing Providence's request for judicial notice, Plaintiffs do not dispute that the exhibits attached to Providence's Request accurately reflect Providence's current Terms of Use & Privacy Policy and the current Portal Account Creation Page. Plaintiffs also do not dispute that these exhibits are taken from and/or accessible through the exact URLs that Plaintiffs repeatedly cite in the Amended Complaint, but only selectively excerpt. Thus, the exhibits are both incorporated by reference into the Amended Complaint as documents "whose contents are alleged in a complaint and whose authenticity no party questions." *Knievel v. ESPN*, 393 F.3d 1068, 1076 (9th Cir. 2005) (quotation marks omitted). Plaintiffs apparently only want the Court to have their select quotes from these exhibits. But, selective quotation such as this is precisely ***why*** the incorporation by reference doctrine exists—to "prevent[] plaintiffs from selecting only portions of documents that support their claims, while omitting portions of those very documents that weaken—or doom—their claims." *Leyden v. J. Crew Grp., LLC*, No. 3:25-cv-01448-AB, 2026 WL 895702, at *4 (D. Or. Apr. 1, 2026) (quotation marks omitted). Plaintiffs cite the very same URLs Providence asks this Court to take judicial notice of and rely on both exhibits; Providence merely requests that the Court consider the entirety of the documents and webpages, instead of Plaintiffs' chosen excerpts.

Plaintiffs concede that they referred to the Terms of Use & Privacy Policy in the Amended Complaint. RJN Opp. at 5. And Plaintiffs cannot meaningfully challenge the authenticity of the

Terms of Use & Privacy Policy when their Amended Complaint quotes extensively from its contents, and these quoted sections are identical to the language in Exhibit 1. *See* Am. Compl. ¶¶ 65–66, 242–45, 248–49, 253–54, 260–61, 268, 280, 330 and Figs. 23–25, 28, 32. The same is true for the Portal Account Creation Page: Plaintiffs cite the "Sign Up/Sign In to MyChart" page (Am. Compl. ¶ 60 & n.6) and then screenshot purported activity on the landing page from the same URL through which Exhibit 2 is accessible (*id.*, Figs. 5 & 17). Plaintiffs cannot rely on excerpts of the current documents or select webpages that serve their narrative while omitting the portions that defeat their claims, and the Court should thus take judicial notice of both exhibits.

Plaintiffs' Opposition boils down to their contention that the attached exhibits do not reflect the versions of the website that Plaintiffs saw when they created their accounts with Providence's Patient Portal. But, in the Amended Complaint, Plaintiffs never allege ***when*** they accessed the Website or Portal Account Creation Page or that the current versions of the pages are different from when Plaintiffs accessed them. Instead, they cite and quote extensively from the ***very same*** version of Providence's Terms of Use & Privacy Policy (the current version) of which Providence has requested this Court take judicial notice. *See* RJN at 2.[1] The cases Plaintiffs rely on to argue that judicial notice is not appropriate are simply inapplicable because they involved plaintiffs who alleged ***when*** they visited the website and that the website was ***different*** when they visited it. *See* *Weizman v. Talkspace, Inc.*, 705 F. Supp. 3d 984, 987 (N.D. Cal. 2023) (plaintiff alleged that she visited the website in October 2022); *Lindsay v. Shree Enter., LLC*, No. 2:21-cv-00299-WBS-CKD, 2021 WL 2711225, at *1 (E.D. Cal. July 1, 2021) (plaintiff alleged that she visited the website on January 19, 2021); *Martin v. Sephora USA, Inc.*, No. 1:22-cv-01355-JLT-SAB, 2023 WL 2717636, at *2 (E.D. Cal. Mar. 30, 2023) (plaintiff alleged that she visited the website within the year before filing her complaint), *report and recommendation adopted*, No. 1:22-cv-01355-

[1] "[T]he Court may take judicial notice of Exhibit [1] because the Amended Complaint quotes extensively from and relies upon the content of the Terms of Use & Privacy Policy. *See* Am. Compl. ¶¶ 65–66, 242–45, 248–49, 253–54, 260–61, 268, 280, 330 and Figs. 23–25, 28, 32." RJN at 2. Providence mistakenly referred to the Terms of Use & Privacy Policy (submitted as Exhibit 1) as Exhibit 2 in this quoted paragraph in the Request for Judicial Notice.

JLT-SAB, 2023 WL 3061957 (E.D. Cal. Apr. 24, 2023). And in *D'Angelo v. FCA US, LLC*, the court ***took judicial notice*** of the screenshots from the website as to their existence on the date they were last accessed. 726 F. Supp. 3d 1179, 1190–91 (S.D. Cal. 2024). The Court should do the same here.

Even if the Court finds that the documents are not incorporated by reference in the Amended Complaint, the Court can take judicial notice of the documents as "sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b). Despite Plaintiffs' assertions, these exhibits are exactly the type of webpages of which courts take judicial notice. *See* RJN at 2. There is no rule preventing judicial notice of a party's own website; rather, Plaintiffs have extrapolated from materially different factual circumstances. Two of Plaintiffs' cases involved websites that were not incorporated by reference in the complaint. *See Rollins v. Dignity Health*, 338 F. Supp. 3d 1025, 1031–34 (N.D. Cal. 2018); *Munoz v. Peets Coffee, Inc.*, No. 24-cv-01764-JST, 2025 WL 1474759, at *2 (N.D. Cal. May 22, 2025) (noting that defendant's request for judicial notice related to a different menu than the one alleged in the complaint). And in the other two cases, the plaintiffs alleged the date that they accessed the website, and the defendants sought judicial notice of a website from after that date. *See Lindsay*, 2021 WL 2711225, at *2–3; *Martin*, 2023 WL 2717636, at *4. As discussed above, the authenticity of these exhibits cannot reasonably be questioned when Plaintiffs rely on the very URLs in their Amended Complaint. The Court can therefore take judicial notice of both exhibits.

Accordingly, Providence respectfully requests the Court take judicial notice of (1) Providence's Terms of Use and Privacy Policy and (2) Providence's Portal Account Creation Page.

**Dated**: August 7, 2026

/s/ David B. Schwartz

David B. Schwartz (*pro hac vice*)
david.schwartz@arnoldporter.com
Jami Vibbert (*pro hac vice*)

jami.vibbert@arnoldporter.com
ARNOLD & PORTER KAYE SCHOLER LLP
250 West 55th Street
New York, NY 10019
Tel: 212-836-8000

Jason Ross, OSB No. 231074
jason.ross@arnoldporter.com
ARNOLD & PORTER KAYE SCHOLER LLP
601 Massachusetts Avenue, NW
Washington, DC 20001
Tel: 202-942-5000

Daniel E. Raymond (*pro hac vice*)
daniel.raymond@arnoldporter.com
ARNOLD & PORTER KAYE SCHOLER LLP
300 N. LaSalle Dr.
Suite 3500
Chicago, IL 60654
Tel: 312-583-2379

*Attorneys for Defendant Providence Health & Services*